**Dale GEORGE, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 19810.**

United States Court of Appeals
Ninth Circuit.

May 21, 1965.

John P. Frank, David L. Grounds, O. J. Wilkinson, Jr., Lewis, Roca, Scoville, Bauchamp & Linton, Phoenix, Ariz., for appellant.

Jo Ann D. Diamos, U. S. Atty., Henry L. Zalut, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and MATHES, District Judge.

MERRILL, Circuit Judge:

This appeal is from conviction of the crime of engaging in the business of accepting wagers without having either registered or paid the tax required by law.[1]

Appellant asserts as error denial by the District Court of his motion for acquittal. He contends that in many respects the United States has failed to establish guilt of the crime charged; that the facts proved, together with rational inferences therefrom, are wholly consistent with innocence of all crime; and of innocence of having *engaged in the business* of accepting wagers; and of *accepting* wagers (as a principal) as distinguished from merely receiving them (as a runner).[2] In his brief appellant characterizes the Government's case as "almost a preposterously thin case." We are forced to agree.

Proof is limited to two contacts with appellant by Agent Harris of the Internal Revenue Department, at the El Jay Ray bar in Phoenix, Arizona.

1. On May 24, 1963, as Harris testified, he went to the bar in an effort to meet appellant whom he was "investigating" in some unspecified respect. He ar-

rived at 12:10 P.M., had lunch, talked with the bartender and struck up a conversation with two other patrons, Carroll and Hale. They discussed horse racing until about 3:30, when appellant arrived at the bar. Harris was introduced to appellant by Carroll. Carroll and appellant conversed briefly, then left the bar for about five minutes. On their return Carroll seated himself at the bar next to Harris. Appellant stood at the bar on the other side of Carroll. Carroll then produced a $100 bill, laid it on the bar and announced: "I'll go 50-50 on Daysie Dawn."[3] Appellant looked at his watch, took the money and put it in his pocket. Harris then announced: "I'll go 20-20 on Daysie Dawn." He took a $20 bill and two $10 bills from his pocket, laid them on the bar in front of Carroll. Appellant reached over, took the money, pocketed it and left the bar.

2. On May 25, the following day, Harris returned to the bar to find appellant, Hale and several others there. Everyone was discussing horse racing. Harris had a racing form with him. He gave it to appellant, who studied it. It was passed around to others, who studied it. Appellant asked if he could have it, and Harris agreed. Harris placed a bet this time with Hale.

 This was the extent of Harris' testimony. This was the extent of the Government's case. To find guilt the Government must cumulate a series of inferences: (1) that the bet was not a social bar-room bet; (2) that appellant was a professional gambler; (3) that in his profession he was a principal. Each of the necessary inferences was, however, subject to a contrary inference which

---

1. 26 U.S.C. § 4401(c) requires that "[e]ach person who is engaged in the business of accepting wagers" shall pay tax on all wagers made with him. 26 U.S.C. § 4412(a) requires all persons subject to such tax to register with the official in charge of the Internal Revenue District. 26 U.S.C. §§ 7203 and 7262, make it a crime to fail to pay tax or register when required.

2. § 4411 imposes a tax on "each person who is liable for tax under section 4401 or who is engaged in receiving wagers for or on behalf of any person so liable." Appellant was charged in the information with engaging in the business of accepting wagers.

3. Daysie Dawn was a horse running in the ninth race at Hollywood Park that day. "50-50" means $50 to win and $50 to place.

was, in our judgment on this meager record, equally rational. In our judgment this does not measure up to the Government's burden of proof. It was error to deny appellant's motion for acquittal.

Reversed.